FINLAY, Respondent, vs. PRESCOTT, Appellant.

*November 8 — November 24, 1899.*

*Appeal from justice's court: Dismissal: Order or judgment? Appealable order: Signature by mark: Witnesses.*

1. Where a court is without jurisdiction of an appeal from justice's court its province is limited to a mere order of dismissal and for the payment of costs, yet if the determination be in form a judgment the irregularity is not prejudicial.

Finlay vs. Prescott.

2. An order of a lower court dismissing an appeal from justice's court in effect terminates the action and prevents a judgment from which an appeal may be taken, within the meaning of subd. 1, sec. 3069, Stats. 1898, and is therefore appealable.

3. The fact that the marks made for signatures of the appellant to the affidavit and notice of an appeal from justice's court are not witnessed does not affect the sufficiency of the appeal papers.

4. Except as controlled by statute a mark made for one's signature is good whether he could write or not and whether witnessed or not; and our statute (subd. 19, sec. 4971, Stats. 1898) has made no change in the rule, except that a person can sign by his mark only when he is unable to write.

5. Under sec. 4192, Stats. 1898, a written instrument purporting to have been signed by a person by making his mark is, unless such person shall have died previous to the requirement of the proof, *prima facie* evidence that he was unable to write his name, that he therefore made his mark in lieu of a written signature, and that the mark was made by the person by whom it purports to have been made.

APPEAL from a judgment of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

Defendant appealed to the county court of Dodge county from a judgment duly rendered against him in justice's court. The notice of appeal purported to have been signed by the appellant by his mark, as was also the affidavit required by the statute. There was no subscribing witness to the mark and no proof that it was made by appellant, except the fact that the appeal affidavit was sworn to before a notary public, who certified to that fact and that the affiant subscribed the same in the usual form. When the case on appeal was reached for trial, respondent moved to dismiss it for want of jurisdiction, in that the appellant's marks to his notice of appeal and affidavit were not witnessed. The motion was granted solely upon the ground stated. An order or judgment was rendered accordingly, which shows upon its face that it was grounded on the fact that appellant's marks to the appeal papers were not witnessed.

The cause was submitted for the appellant on briefs by *North & Lindley*, and for the respondent on the brief of *Lamoreux, Davison & Davison.*

MARSHALL, J.  A point is made that the determination of the trial court, dismissing the appeal, is not appealable to this court because not a final order terminating the action and preventing a judgment from which an appeal can be taken, *Reinhart v. Fire Asso.* 93 Wis. 452, and *St. Patrick's Congregation v. Home Ins. Co.* 101 Wis. 155, being relied on. In each of those cases the motion to dismiss was denied, so, obviously, the cause remained in court and could proceed to a final judgment from which an appeal might be taken. Such is not this case.  It is like *Mason v. Ashland*, 98 Wis. 540.  There the motion to dismiss for want of jurisdiction was granted, and it was held that the order dismissing the action was appealable.  In such a situation, strictly speaking, a judgment is improper, the province of the court being limited to a mere order of dismissal and for the payment of costs.  *Felt v. Felt*, 19 Wis. 195; *Ketchum v. Freeman*, 24 Wis. 296.  Formerly, as indicated in the cited cases, only motion costs were proper, but, as the statute now stands, full costs are recoverable on a dismissal for want of jurisdiction where the appeal is from justice's court.  Sec. 2925, Stats. 1898.  Though, where the court has no jurisdiction, the proper practice is yet to enter an order of dismissal and for the payment of costs.  However, if the determination be in the form of a judgment, the irregularity is not prejudicial.  Strictly speaking, a judgment is a determination of the rights of the parties; all other directions by the court are orders.  *Lewis v. C. & N. W. R. Co.* 97 Wis. 368; sec. 2882, Stats. 1898.  All that was said in *Mason v. Ashland, supra*, as to the recovery of motion costs only on a dismissal for want of jurisdiction, does not apply to an appeal from

justice's court because of the statute on the subject. Clearly, where the circumstances are such that only an order, or a judgment having the effect of an order, is proper, and such determination effectually prevents any other proceedings, it terminates the action and prevents a judgment from which an appeal can be taken, within the very letter of the appeal statute.

We are unable to see why the mere fact that appellant's marks were not witnessed should in any way affect the sufficiency of the appeal papers. The statute (subd. 19, sec. 4971) expressly provides that if a person is unable to write his signature may be written in his presence by some other person by his direction, or he may sign by his mark. It does not require that the mark shall be witnessed, and the court cannot add that as a requisite. The appeal papers appear to have been regularly signed by appellant in the manner allowed by statute. They were presented to the justice of the peace and acted upon by him as genuine. They comply with every statutory requisite. In the absence of some affirmative showing that they were not executed as they purport to have been, they were just as effective as if signed by appellant's written signature.

A signature to a paper by a mark, made by a person for the purpose of identifying himself as a party thereto, was good at common law without any attestation thereof by a subscribing witness, even in case of a witness to a will. Greenl. Ev. § 272; *Zacharie v. Franklin*, 12 Pet. 151. Except as controlled by statute, a mark made for one's signature is good whether he can write or not, and whether witnessed or not. *Baker v. Dening*, 8 Adol. & E. 94; *Brown v. Butchers' & D. Bank*, 6 Hill (N. Y.), 443; *Willoughby v. Moulton*, 47 N. H. 205. The statute does not enlarge the methods of executing written instruments, but modifies the common-law rule so that a person can sign by his mark only when he is unable to write. It does not add a requirement

that the mark shall be witnessed. *Willoughby v. Moulton, supra; Shank v. Butsch,* 28 Ind. 19; *State v. Byrd,* 93 N. C. 624. One is liable to be led astray on this question by a statement in Story, Prom. Notes (7th ed.), § 11, to the effect that if one sign by his mark the signature must be witnessed to be valid. How that eminent author came to make such a statement as the law, unsupported by any authority, and contrary to substantially all authority except, perhaps, decisions in states expressly abrogating the common law on the subject, is not easily understood. Even in states where the statute requires the mark to be witnessed it has been held that the only effect of it is that the added feature goes to the sufficiency of the paper as proof, itself, of its genuineness; that if the mark is witnessed the paper will be taken as *prima facie* genuine, without other proof; but if not, proof *aliunde* must be produced to entitle the paper to be introduced as evidence or to be recovered upon as genuine. *Ex parte Miller,* 49 Ark. 18.

Under sec. 4192, Stats. 1898, every written instrument purporting to have been signed or executed by any person is proof that it was so signed or executed until the person by whom it purports to have been so signed or executed shall specifically deny the signature to or execution of the same by his oath or affidavit or by his pleading duly verified. That applies to all instruments except those purporting to have been signed or executed by a person who shall have died previous to the requirement of the proof, and to a writing purporting to have been signed by a party by making his mark, precisely the same as if signed in any other way. A paper so signed *prima facie* establishes its genuineness; that is, if signed by a mark, that the signer was unable to write his name, and that he therefore made his mark for the purpose of adopting that in lieu of a written signature, and that the mark was made by the person by whom it purports to have been made. Unlike the Arkansas

statute, and some others, our statute, as before indicated, makes no mention of a witness to a person's mark in case of his signing that way. The general practice of having such a signature witnessed misled counsel and the trial court as to the necessity for it, as it did, evidently, Judge Story, when he wrote his valuable work on commercial paper.

*By the Court.*— The judgment of the county court is reversed, and the cause remanded for further proceedings according to law.