*In re* CANTERBURY'S ESTATE.

HANSEN *v.* MANNING.

WILLS—EXECUTION—SIGNATURE BY MARK—VALIDITY.

A will executed by a testator who can write by affixing his
mark, his signature having been affixed by another, at his
direction, is as validly executed as if he had himself writ-
ten his signature with his own hand.[1]

Error to Wayne; Kendrick, J., presiding. Submit-
ted October 15, 1917. (Docket No. 137.) Decided
December 27, 1917.

Sarah Hansen presented for probate the last will of
Catherine Canterbury, deceased. The will was al-
lowed in the probate court, and Hattie Manning ap-
pealed to the circuit·court. Judgment for proponent.
Contestant brings error. Affirmed.

*Willis G. Clarke,* for appellant.

*C. Henri Lewis, Jr.,* for appellee.

BROOKE, J. The only question raised upon this rec-
ord is as to the regularity of the execution of the will
of the decedent, Catherine Canterbury. The will was
drawn by one George E. Smedley, who was one of the
subscribing witnesses, and who, with reference to its
execution by the testatrix, testified as follows:

"I wrote 'Catherine Canterbury, her mark.' She
put her mark there. I said to her, 'Will you write
your name?' Then she said, 'I will make my mark.'

[1]As to whether ability to write invalidates signature made by
mark or by aid of other person guiding the pen, see note in 7
L. R. A. (N. S.) 1193.

On the subject of signature by mark generally, see note in 22
L. R. A. 370.

Catherine Canterbury was about 60 years old when she made the will. She was in good mental condition, was able to use her arms and limbs and walk around. She could see out of one eye."

The other subscribing witness testified that she executed the will as a witness, and gave further evidence to the effect that the testatrix was unable to write. Sarah Hansen, the beneficiary under the will, testified:

"I was in the room when the deceased signed her will. I saw her do it. She said she could not write. She says, 'You know I do not write.' "

On behalf of the contestant, the testimony of three witnesses was introduced tending to show that the testatrix was able to write.

With reference to the manner of execution, the court charged the jury as follows:

"The facts in this case tend to show that the deceased was somewhat enfeebled, and that she was suffering from defective eyesight, and that she, soon after the making of this will, went to a hospital and there passed away. The signature of the will, if the party desired so to make it, could be by a cross, whether they write or not; but the fact that one does make it with a cross, or what is known as a 'mark,' instead of signing their name, is an element and a condition to be taken into consideration as to whether she did in fact sign the will with a cross. That would be one element to consider as to whether she did do so, if she could write; however, that in no way would invalidate the instrument, providing she did in fact ask that it be done by making her cross and did place her mark there, as has been explained."

The will was sustained.

On behalf of contestant it is claimed broadly:

"If a man can write his name, his mark is not his signature. Any other rule would open the door too wide for fraud."

Section 11821, 3 Comp. Laws 1915, provides:

"No will made within this State    *    *    *    shall be effectual to pass any estate, whether real or personal, nor to charge or in any way affect the same, unless it be in writing, and signed by the testator, or by some person in his presence, and by his express direction," etc.

In *McGinnis* v. *Kempsey*, 27 Mich. 375, this court said:

"It is sufficient if it be by a cross or other mark by the testator as and for his signature."

In *Just* v. *Township of Wise*, 42 Mich. 573 (4 N. W. 298), it was said:

"Where one who cannot write directs another person to sign for him, and the latter signs in his presence, the signature is binding whether the former does or does not attach his mark."

In the absence of any testimony to the contrary, we are of opinion that the evidence offered on behalf of the proponent should be construed as an express direction from the testatrix to Smedley, the scrivener, to sign her name. We have no hesitation in reaching the conclusion that a will executed by a testator who can write by affixing his mark, his signature having been written by another at his direction, is as validly executed as if he himself had written his signature with his own hand.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.