## WILL OF MUELLER.

*October 22—November 17, 1925.*

*Wills: Execution: Signature by mark: Sufficiency: Formal requisites: Sufficiency of proof.*

1. Sec. 2282, Stats., providing that no will shall be effectual unless it be in writing and signed by the testator, was sufficiently complied with when testatrix signed her will by mark, although she had the ability to write at such time; sub. (19), sec. 4971, Stats., providing that in all cases where the written signature of any person is required by law it shall always be the proper handwriting of such person unless he is unable to write, not operating to impair the effectiveness of such signature. p. 186.

2. Said sec. 2282, being one on a special subject, cannot be considered as narrowed or controlled by sec. 4971, which is a general construction statute. p. 186.

3. In a proceeding involving the validity of a will, the confusion of a witness who testified as to its execution was for the consideration of the trial court in determining whether or not the execution was proper; and on appeal from an order admitting the will to probate the evidence is *held* to show that the trial court was justified in concluding that all required formalities were complied with in its execution. p. 187.

APPEAL from an order of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Affirmed.* ..

For the appellant there was a brief by *Brennan, Lucas & O'Day,* attorneys, and *Timlin & Dean,* of counsel, all of Milwaukee, and oral argument by *Martin J. Brennan.*

For the respondent executor there was a brief by *Foley & Brach* of Racine, and oral argument by *Gilbert E. Brach.*

ESCHWEILER, J. A document purporting to have been executed June 6, 1924, as the last will and testament of Augusta Mueller was ordered to be admitted to probate, and from such order this appeal is taken.

The document bore the usual attestation clause, with Anna Fischer and H. T. Attermeier as witnesses. The

name Augusta Mueller was written by the witness Atter-meier, and between the two words of that name, Mrs. Muel-ler, with the assistance of Attermeier, made a cross or X, and he wrote the words "her" above and "mark" below such X.  It appeared without dispute that in some transac-tions involving the estate of her deceased husband and on checks or orders on the bank in which she kept her funds since her husband's death in 1921 she had written her own name, but in several transactions with Mr. Attermeier in-volving the execution of satisfactions of mortgages she had used a mark for her signature, and he testified that he did not know she could write.

Objections were interposed to the probate of the will on a number of grounds, but two of which are presented on this appeal.

Appellant contends that there being at the time of the execution of the will a present ability by Mrs. Mueller to write her name, the use of the X or mark was not a suf-ficient compliance with the statute, sec. 2282 (now sec. 238.06), which, so far as material here, provides that no will shall be effectual "unless it be in writing and signed by the testator or by some person in his presence and by his express direction;" it being also claimed that the provision in the section just above quoted must be construed in con-nection with the language found in ch. 370, "Construction of Statutes," and particularly sec. 4971 (now sec. 370.01), sub. (19), reading: "in all cases where the written signature of any person is required by law it shall always be the proper handwriting of such person, or in case he is unable to write, his proper mark or his name written by some person at his request and in his presence."

The appellant's contention is that a proper construc-tion of the two statutes requires a holding that in a document with such required formalities as a will, the proper hand-writing of the person executing the same can only be dis-pensed with when there is present an inability, as dis-

tinguished from a mere disinclination, to write.   The language of sec. 2282 above quoted is substantially that of the English statute (29 Car. II), and is the same form found in most of the state statutes in this country, and such language has been uniformly considered as complied with when the testator has affixed his mark instead of writing his name, and this whether the testator had a present ability to write or not.   Such rule was declared to admit of no doubt in *Taylor v. Dening,* 3 Nev. & P. 228, decided in 1838.   It has been so recognized by the text-writers.   Cassoday, Wills, § 119; 1 Jarman, Wills (6th ed.) p. 107; 1 Redfield, Wills, p. 203; Rood, Wills, § 255; 1 Schouler, Wills (6th ed.) §§ 471, 472; 40 Cyc. 1102; 28 Ruling Case Law, 116.

It was so held in *Canterbury's Estate,* 198 Mich. 743, 165 N. W. 747, and many others of the cases cited in note found in 31 A. L. R. 682, on the subject of signing by mark.

In *Will of Jenkins,* 43 Wis. 610, it was stated that under our statute of wills, *supra,* it was a valid signing if testatrix affixed her mark.   Page 611.   The possible effect, however, of sub. (19), sec. 4971, Stats., was not considered, nor was it stated whether the testatrix could write or not.   The printed record of that case discloses, however, that one of the witnesses testified that the testatrix said that she could not write, so that decision is not squarely on the situation here.

The provision quoted above from sub. (19), sec. 4971, has been considered in a number of prior cases in this court. In *Scott v. Seaver,* 52 Wis. 175, 183, 8 N. W. 811, under the assignment law; in *Mezchen v. More,* 54 Wis. 214, 11 N. W. 534, holding that the name of the attorney on a summons might be typewritten though the statute said "shall be subscribed."   In *Garton Toy Co. v. Buswell L. & M. Co.* 150 Wis. 341, 348, 136 N. W. 147, a typewritten signature to a contract was held a sufficient compliance with the statute of frauds; and in *Dreutzer v. Smith,* 56 Wis. 292, 14 N. W. 465, that the stamping of the name of a

county officer was sufficient though the statute prescribed "writing his name."

Appellant relies upon *Finlay v. Prescott,* 104 Wis. 614, 80 N. W. 930, involving the sufficiency of an appeal from justice's court. The notice of appeal and the affidavit were each signed by the appellant by his mark and with no subscribing witness to the mark, and in discussing the question as to whether or not such mark must be witnessed to be valid the court said that the statute here under consideration does not enlarge the method of executing instruments and modifies the common-law rule so that a person can sign by his mark only when he is unable to write. From such language it is now argued that there was a holding by this court that under sub. (19), sec. 4971, there is such a modification of the common-law rule as to limit the signature by mark to cases where the person is unable to write. The same decision, however, expressly stated the rule at common law to be that a signature to a paper by a mark, made by a person for the purpose of identifying himself as a party thereto, was good without any attestation thereof by a subscribing witness, and so even in case of a witness to a will; and that, except as controlled by statute, a mark made for one's signature is good whether he can write or not and whether witnessed or not. The question here presented, however, was not in the *Finlay Case, supra,* and it does not hold that the construction to be given to the statute of wills must be considered as narrowed or controlled by sub. (19), sec. 4971, *supra;* and so here the statute as to wills being one on a special subject and with a well recognized construction given to its language cannot be considered as limited by such general statutes.

A similar contention for the coupling of two such statutes was passed upon in *Sheehan v. Kearney,* 82 Miss. 688, 21 South. 41, 35 L. R. A. 102, and it was there held that though the person can write, the signing by mark is valid.

We hold, therefore, that the making of the mark by the testatrix here was a good and sufficient signing of the will.

The other objection urged, viz. that the proofs did not show a proper execution of the will in other respects, is also not well taken.

The testimony of Mr. Attermeier, one of the subscribing witnesses to the will and the scrivener thereof, was clear and explicit to the effect that all the required formalities were complied with at the time of its execution. Mrs. Fischer, the other witness, testified to her signature being on the document and that she placed it there in the presence of Mrs. Mueller and the other subscribing witness. Her testimony as to other features of the transaction was somewhat uncertain and indefinite, and an affidavit obtained from her prior to the hearing and introduced as impeaching testimony, and which she, at a later time, stated was in accordance with the facts, made it appear as though she did not see the testatrix or the other witness sign the document. The confusion or apparent contradictions in her testimony, however, was a matter for the trial court to consider in determining whether or not there had been a proper execution of the will.

An examination of the record satisfies us that he was justified in reaching his conclusion. *Will of Maresh,* 177 Wis. 194, 187 N. W. 1009; *Madson v. Christenson,* 128 Minn. 17, 160 N. W. 213, L. R. A. 1916 C, p. 1214, note on p. 1218.

*By the Court.*—Order affirmed.