CUSHMAN, Appellant, vs. ESTATE OF CUSHMAN,
Respondent.

*October 11—November 7, 1933.*

*Platt Whitman* of Highland, for the appellant.

For the respondent there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *L. A. Brunck-horst*.

FAIRCHILD, J. The trial court was not persuaded by the evidence offered that the note was signed by Irvin E. Cushman but reached the conclusion that the claim was without foundation in fact. Appellant asserts upon this appeal that the testimony produced in support of the claim is uncontradicted and unimpeached. Fred Gunsaulus, a nephew of the holder of the note, testified that he was present when the note was drawn, saw his uncle Irvin E. Cushman make his mark on the paper, receive the money, and deliver the note to the claimant. But there was evidence in opposition to the allowance of the claim to the effect that Irvin E. Cushman could write, that he frequently signed his name to certificates of deposit and that he did so at and around the time it is claimed he put his mark upon this note. It was also shown that at the time the note is dated Irvin E. Cushman had on deposit in a local bank more than $1,800. There was no evidence of a withdrawal of any funds to sustain the claim that a payment of $500 had been made to apply on the principal of the note in June, 1931. Mr. George E. Spohn, an expert on handwriting, testified that from a study of the handwriting of the deceased and from comparison of the mark used as a signature with the handwriting of the claimant, it being admitted that the body of the note was written by the claimant, he was of the opinion that the mark was not made by Irvin E. Cushman but was made by the same hand that wrote the body of the note. The learned trial judge in reviewing the testimony said:

"The only proof of the execution of the note by deceased rests upon the testimony of Fred Gunsaulus, a nephew of the claimant. He testified that he was present June 20, 1930, at the home of the deceased and saw him make his mark on this note. If his testimony is to be believed implicitly it

would establish the due execution of the note. I am unable to credit it."

In explanation of his attitude toward the testimony of this witness the judge referred to the fact that the same witness had testified upon the hearing of another claim against the estate also based on a note which the judge was convinced was a forgery.

The appellant insists that the court had no right to test the credibility of this witness by testimony given by him on another trial and there is authority to sustain his contention. Were this testimony of the nephew all the evidence in the case bearing upon the matter, a very different proposition from the one now here would be before us, but the case was not left in that situation. The court continued his discussion with a review of the evidence, some of which has already been referred to, and said:

"On the date when the note in question here was supposed to have been executed the deceased had in the Rewey State Bank the sum of $1,856.65 which he could have drawn on demand. The deceased was a farmer with a valuable farm of 160 acres of land on which there was no indebtedness. He does not appear to have been in debt or engaged in any other business than farming."

The judge then proceeded to discuss a number of circumstances which surrounded the transaction with an atmosphere of suspicion and commented upon the fact that in this case the signature was by mark and that this was the only time a mark was used by Cushman; that during the next two years Cushman indorsed in his own handwriting some forty-two certificates of deposit and that from the appearance of the signatures on these certificates there was nothing to indicate difficulty on his part in signing his name.

It is generally conceded that evidence tending in a reasonable degree to establish probability or improbability of a fact in issue is relevant. The possession of an amount of

money more than sufficient to meet one's present needs tends to negative a desire to borrow, and is evidence of some weight in a dispute such as exists in this case. *Stauffer v. Young,* 39 Pa. 455; 2 Jones, Comm. on Evidence (2d ed.) § 605; 1 Wigmore, Evidence (2d ed.) § 392 (b); 1 Elliott, Evidence, § 144. There was no evidence of I. E. Cushman's using the $1,000 claimed to have been loaned to him, nor was there any attempt to show the source from which the money came that appellant claims to have loaned. And of course there is no suggestion that this note was intended as a gift. The testimony of the handwriting expert, the evidence of the ability of Cushman to write, and the evidence which showed the improbability of his being a borrower, are, under the circumstances of the case, sufficient to sustain the finding made below.

In addition it ought to be borne in mind that this was a promissory note and that the written signature of the alleged maker did not appear thereon. Sec. 116.22, Stats. Under sec. 370.01 (19), in all cases where the written signature of any person is required by law it must be the proper handwriting of such person unless such person is unable to write, when he may execute a document by proper mark or his name written by some person at his request. There is no presumption that the deceased executed the note by mark, it appearing that Irvin E. Cushman could write. Sec. 328.25; *Finlay v. Prescott,* 104 Wis. 614, 80 N. W. 930; *Ellis v. Hof,* 123 Wis. 201, 101 N. W. 368. The evidence is sufficient to sustain the findings of the trial court.

*By the Court.*—Judgment affirmed.