[Civil No. 4101.   Filed October 16, 1939.]

[94 Pac. (2d) 774.]

In the Matter of the Estate of FRANCES WILKINS, Deceased; JOHN C. COLEMAN, Appellant, v. FRANCES LEE, SADIE CARLSON, QUENTIN SCHMITT, EDWARD SCHMITT, WILLIAM SCHMITT, ALBERT SCHMITT and MARNA MAGNUSON, Appellees.

Messrs. Knapp, Boyle & Thompson and Mr. Arthur Henderson, Mr. H. Earl Rogge, for Appellant.

Mr. Jack Choisser, for Appellees.

LOCKWOOD, J.—On May 29, 1937, the superior court of Greenlee county entered an order admitting to probate a certain instrument hereinafter set forth as the last will and testament of Frances Wilkins, deceased, and appointing John C. Coleman, hereinafter called appellant, as the executor thereof. Thereafter a petition for revocation of the probate of the will was filed and afterwards amended. In the amended petition it was alleged that Frances Lee, Sadie Carlson, Quentin Schmitt, Edward Schmitt, William Schmitt, Albert Schmitt and Marna Magnuson, hereinafter called appellees, were the next of kin and heirs at law of Frances Wilkins; that the instrument above referred to had been admitted to probate as her last will and testament, and urging a number of reasons why the probate should be revoked, among them being that the form of the will was improper according to law. A demurrer to the petition to revoke and a motion to strike certain allegations therefrom were argued, and submitted to the court, and an order was finally made reciting:

"That the form of the purported will of Frances Wilkins, deceased, heretofore admitted to probate, is improper and defective according to law, in that nowhere in said instrument does the name of the testatrix appear; that the contest of said purported will and the prayer of the petitioners should be sustained."

and revoking the order admitting the will to probate and the testamentary letters theretofore issued to the appellant. Thereafter this appeal was taken.

There is but one question for our consideration on the appeal, and that is whether the purported will was in proper form according to law. It reads as follows:

"Morenci, Arizona
"March 30, 1937

"To Whom It May Concern:

"Being of rational mind & believing that my illness may be my last I hereby offer this as my last will;

"That John C. Coleman, of Morenci, Arizona, be the Administrator of my estate in its entirity, without bond;

"That Mrs. Frances Lee, Bucoda, Washington, my niece, be left sum of $10.00; Sadie Schmidt, another niece the sum of $1.00; Quentin Schmidt, my nephew, $5.00; Albert Schmidt another nephew $5.00; William Schmidt, another nephew $5.00 and each other nephew or niece $1.00 each.

"And all my other property is to be left to my personal friend, who has been so kind to me during the past seven or eight years, John C. Coleman.

"Signed by my mark this 30th day of March, 1937; in presence of Marcia Daniels; Eleanore F. Gungle and Vera Scott.

her
X
mark

"Witnesses:
      "Marcia Daniels
      "Eleanore F. Gungle
      "Vera Scott."

It is contended there are two fatal defects in the instrument: First, nowﬁere therein is the testatrix

named; and second, in particular, her name is not written near the mark which purports to be her signature at the foot of the will.

■    While the practice of allowing the owner of property to dispose of it after death is extremely ancient, it has been greatly limited by law in many countries.    In England, for example, from the time of the Norman Conquest until the passage of 32 Henry VIII—1, commonly known as the Statute of Wills, real property could not be devised, although personal property could be bequeathed by nuncupative will without any formality whatever.    Owing, however, to the many frauds and forgery to which nuncupative wills were subject, they were put under very strong restrictions by the statute of 29 Charles II, commonly known as the Statute of Frauds, and it is upon these two English statutes that practically all of the statutory law of the various states governing wills is based. It is universally held that the legislative authority has the power to withhold or to grant the right to make a will, and if it grants it, may make its exercise subject to such regulations and requirements as it pleases.    Our statute governing wills, like those of the other states, is substantially like the statute of 29 Charles II above referred to, and has remained in almost the identical form since the Code of 1887. In the Code of 1928 it reads as follows:

"§ 3637.    Form and execution; holographic.    Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator, or by some other person by his direction and in his presence, and shall, if not wholly written by himself, be attested by two or more credible witnesses, above the age of fourteen years, subscribing their names thereto in the presence of the testator.    When it is wholly written by the testator, the attestation by subscribing witnesses is not necessary."

We have never had before us a case construing a will to which the objections found in this case were raised, but in *Re Estate of Tyrrell,* 17 Ariz. 418, 153 Pac. 767, we did discuss certain principles governing the requirements of a will under the statute. Therein we held, in substance, that the right to make a testamentary disposition of property was of statutory creation only, and was available only on strict compliance with the requirements of the statute, but that once a will was established as valid, it would be construed with extreme liberality so as to give effect to the intention of the testator, if such intention could be ascertained, citing the following from *In re Walker's Estate,* 110 Cal. 387, 42 Pac. 815, 818, 1082, 52 Am. St. Rep. 104, 30 L. R. A. 460:

"When a will is proved, every exertion of the court is directed to giving effect to the wishes of the testator therein expressed, but in the proving of the instrument the sole consideration before the court is whether or not the legislative mandates have been complied with."

The situation involved in the Tyrrell case was that the signature of the alleged testator was not found on the will itself, but upon an envelope in which it had been placed, and we held that this was not a "signature" of the kind required by the statute. The substance of the decision was that an instrument must be signed as required by the statute or it was not a valid will, no matter what might be gathered therefrom as to whether the alleged testator had intended it to be a will or not. The question then before us is, Does the alleged will in this case comply with the statute?

It is urged, in the first place, that the name of the testatrix nowhere appears in the instrument, but must be shown by proof *aliunde.* A similar question has arisen in a number of other jurisdictions which have

substantially the same statute in regard to the formalities of a will as we have. On the precise point of whether the name of the testator must appear in the will, we find the case of *In the Goods of Eleanor Bryce,* 2 Curt. 325, 163 Eng. Rep. (Full Reprint) 427. The opinion is very short and the facts are so similar that we quote it in full:

"The deceased died on the 23rd of October, 1838; she left a will executed shortly before her death, which was signed by a mark without the name of the deceased; the signature was attested by two witnesses, Dr. Thomas Elliotson and the nurse, who attended the testatrix.

"Gostling prayed probate.

"Sir Herbert Jenner. Although the name of the testatrix does not appear upon the face of the instrument, the affidavit sufficiently accounts for the manner in which the will was signed; the statute does not say that the name of the testator shall appear at the foot of the will; the paper is identified as being the will of the deceased, and being signed in the presence of the witnesses present at the same time, who attested its execution, I am of the opinion that the statute is sufficiently complied with."

The same situation arose in *Cunningham* v. *Hallyburton,* 342 Ill. 442, 174 N. E. 550. The Illinois statute governing the situation, so far as material, reads as follows:

" . . . All wills, testaments and codicils . . . shall be reduced to writing, and signed by the testator or testatrix, or by some person in his or her presence, and by his or her direction, and attested in the presence of the testator or testatrix, by two or more credible witnesses, . . . . " Ill Rev. Stat. 1939, chap. 148, § 2.

The will in question read as follows:

"I want Louise to have the home and all that is in it."

It was then signed by three witnesses, and the testatrix thereafter made a cross underneath the signature of the last witness. Her name appeared nowhere in the instrument, yet it was held that the mark made by the testatrix was a sufficient signature, and the will was valid even though her name did not appear in the document.

In the case of *In re Romaniw's Will*, 163 Misc. 481, 296 N. Y. Supp. 925, 932, the statement is made: ·

"1 Jarman on Wills (5th Ed.) p. 106, says that in 'examining the requirements common to the Statute of Frauds and the Wills Act in their order, the next condition prescribed for the validity of a will is that it should be signed, which suggests the inquiry, what amounts to a "signing" by the testator? It has been decided that a mark is sufficient, and that, notwithstanding the testator is able to write, and though his name does not appear on the face of the will. A mark being sufficient, of course the initials of the testator's name would also suffice. . . . ' See, also, 1 Commentaries on the Law of Wills, Alexander, pp. 578, 579, 580; 1 Jessup-Redfield 519 et seq.; 40 Cyc. 1102."

We know of no authorities in point which hold to the contrary, and we hold, therefore, that it is not absolutely essential, under our statute, that the name of the testator appear anywhere within a purported will, but that proof *aliunde* may be made to show who actually executed the document.

The next question is as to the sufficiency of the mark in question as the signature of the testatrix. On this point the authorities, so far as they deal with the question of whether a mark made by a testator, without his name being written near the mark, is a sufficient signature, under statutes governing wills similar in substance to our section 3637, *supra*, are almost unanimous. A few of the cases which so hold are *In re Guilfoyle*, 96 Cal. 598, 31 Pac. 553, 22 L. R. A. 370; *Bailey's Heirs* v. *Bailey's Exr.*, 35 Ala. 687; *Scott*

v. *Hawk,* 107 Iowa 723, 77 N. W. 467, 70 Am. St. Rep. 228; *Thompson* v. *Thompson,* 49 Neb. 157, 68 N. W. 372; *Cunningham* v. *Hallyburton, supra*; *In re Bryce Estate, supra.* We think, in the absence of some other statute changing the rule, that these cases are correct, and that under our section 3637, *supra,* unless its meaning be changed by another provision of our Code, to which we shall hereafter refer, a mark made by a testator is a valid signature, even though his name does not appear anywhere near the mark.

It is urged, however, by the appellees, and this is the most serious question in the case, that section 3637, *supra,* is qualified and modified by section 3040, Revised Code of 1928, which reads, so far as material, as follows:

"General rules of construction. In the construction of the laws of the state, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislative powers:

"3. . . . ; signature or subscription includes mark, when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as witness."

It is urged that this is a special enactment by the legislature that a mark is a signature only when the person making it cannot write and his name is written near the mark.

The question is not without difficulty, and has never been before us in any form in this state. We have examined the records carefully and find two, and only two, decisions which may be considered as authority thereon. The first is the case of *Re Will of Augusta Mueller,* 188 Wis. 183, 205 N. W. 814, 815, 42 A. L. R. 951. In that state the statute on wills provided, as does ours, that no will should be effectual.

"unless it be in writing and signed by the testator or by some person in his presence and by his express direction,"

(St. 1925, § 238.06), while a general statute said

"In all cases where the written signature of any person is required by law it shall always be the proper handwriting of such person or in case he is unable to write, his proper mark on his name written by some person at his request and in his presence."

Section 370.01 (19). The question involved there was whether the provision in the general statute "in case he is unable to write" limited the statute of wills so that only a person who was unable to write could sign by mark. It is true the general statute of Wisconsin involved differs in some respects from that of Arizona, but the statutes in both states governing wills are almost identical, and the question involved in both cases is whether a provision of the general statute describing under what circumstances a mark might be used, limits the special statute. The Supreme Court of Wisconsin, after stating that the statute on wills allowed a signature by mark, whether the testator was able to write or not, and referring to another case from the same court relied upon by the appellant, said:

"The question here presented, however, was not in the Finlay Case, *supra* [*Finlay* v. *Prescott*, 104 Wis. 614, 80 N. W. 930, 47 L. R. A. 695], and it does not hold that the construction to be given to the statute of wills must be considered as narrowed or controlled by section 4971 (19), *supra*, and so here, the statute as to wills being one on a special subject and with a well-recognized construction given to its language, cannot be considered as limited by such general statutes."

The conclusion that a general statute did not limit the effect of the statute of wills was also reached in the case of *Sheehan* v. *Kearney*, 82 Miss. 688, 21 So. 41, 35 L. R. A. 102.

We think that the rule laid down by the Wisconsin court is in the interest of justice, and in view of the fact that an instrument of this kind must always have subscribing witnesses who can testify to the identity of the testator, there is little or no chance of fraud being perpetrated by following the more liberal rule. We hold, therefore, that the will in question in the present case is in the form required by statute, and that the superior court erred in denying the motion to strike the allegation of the appellees that it was in improper form, and in rendering a judgment, based on such allegation, revoking the probate of the will.

The order revoking the probate is set aside, and the case remanded with instructions to the superior court to consider the other objections made to the validity of the will and take such action thereon as may seem proper.

ROSS, C. J., and McALISTER, J., concur.