*In re* FOWLE'S ESTATE.

1. WILLS—FORM—STATUTORY FORMALITIES—INTENT.

   The form of an instrument is of little consequence in determining whether it is a will or not, but if it is executed with the formalities required by statute and is to operate only after the death of the maker, it is a will (3 Comp. Laws 1929, § 13482).

2. SAME—TESTAMENTARY CHARACTER OF INSTRUMENT—EVIDENCE.

   Testamentary character of instrument proposed for probate *held*, sufficiently evidenced by fact that property referred to was solely that of the maker and not of her husband's estate and made provision for maker's burial and attendant expenses.

3. SAME—SIGNATURE—SURPLUSAGE.

   Paper in which maker was described as executrix of her husband's estate and on which the word "exec." appeared after her signature satisfied requirement of statute as to signature of testatrix, since the descriptive words may be rejected as surplusage (3 Comp. Laws 1929, § 13482).

4. SAME—ATTESTATION CLAUSE—PUBLICATION.

   Instrument signed by testatrix and then by two witnesses at her request but which did not contain a formal attestation clause was properly upheld as the will of the maker, since publication of a will is not required (3 Comp. Laws 1929, § 13482).

5. SAME—ATTESTATION.

   Attestation is the act of witnessing an instrument in writing at the request of the party making the same and subscribing to it as a witness.

6. SAME—ATTESTATION CLAUSE.

   The law does not require a formal attestation clause in a will (3 Comp. Laws 1929, § 13482).

Appeal from Chippewa; Runnels (Herbert W.), J. Submitted January 16, 1940. (Docket No. 141, Calendar No. 40,680.) Decided March 15, 1940.

In the matter of the estate of Jennie Mead Fowle, deceased. Florence Mead Ainsworth petitioned for the appointment of an administrator stating that the deceased left a paper which might or might not be a will. From order denying admission of paper to probate as deceased's will, an appeal to circuit

court was taken. Judgment for proponents. Contestants appeal. Affirmed.

*Warner & Sullivan,* for proponents.

*Hudson & Coates,* for contestants.

BUTZEL, J. This is an appeal from a judgment ordering and adjudging an instrument to be allowed as the last will and testament of Jennie E. Fowle, deceased. Jennie Mead Fowle was the widow of Otto Fowle, one of the founders and for many years president of the First National Bank of Sault Ste. Marie. Upon his death in 1921, she was appointed executrix of his estate and acted in this capacity until her death in 1937. His will, after making specific bequests, left the residue to members of his family, subject, however, to the provision that his wife should have not only the use of the rents and profits of his real estate, but also the power, if she desired, without license or authority, to mortgage or dispose of the fee and use as much of the proceeds as she needed for her support and maintenance. An instrument was found in her safety deposit box which proponents claim to be her will. It was witnessed by two employees of the bank, who had served Otto Fowle during his lifetime and had been connected with the bank for over 30 years. They had been confidential advisers of Mrs. Fowle. During the latter years of her life, Mrs. Fowle became very deaf and conversation could be carried on with her only by the use of pad and pencil. The instrument in question is not dated. According to the recollection of the witnesses, it was probably executed some time in 1925 or 1927. The instrument, poorly typewritten, begins as follows: "I Jennie E. Fowle, Executrix, of the will of Otto Fowle, wish to dispose of household & personal matters."

Then 16 short paragraphs follow, each making specific bequests of pictures, a piano, ornaments, jewelry, household goods, et cetera, to various beneficiaries. One clause reads: "I have not paid the $1,000 to Hillsdale College. (see Otto's will)." This seems to have been a specific bequest in her husband's will. The concluding portion of the instrument is as follows:

"My savings account, no. 197 devide equally between the chrildren of Julia Mead Janes; Henry,

Jack, & Marie Creghton.

"The 40 acres of land on SeyMour road belonged to both Otto and me . therefore, it now ~~blon~~ belongs to me, not the Estate. I give the 40 acres of land to Donald Finlayson.

"I wish to be buried at Hillsdale Mich. Henry Janes look after the matter of burial. He is to be paid for his services. The Three thousand dollars, he ~~ows me~~ owes me , will be his, for the debt will t hen be discharged.

JENNIE E. FOWLE Exec..

"Witnesses
OTTO B. McNAUGHTON.
DONALD FINLAYSON."

It is to be noted that Mrs. Fowle is described at the beginning of the instrument as "executrix" of the will of Otto Fowle, and the word "Exec." appears after her signature. There is no formal attestation clause before the names of the witnesses. The word "witnesses" was written in by one of the witnesses at the time of the execution of the instrument. Mr. McNaughton, Mr. Finlayson, and Mrs. Fowle were together in the bank when the instrument was signed by them as witnesses at Mrs. Fowle's request.

It is argued that testamentary intent was wanting, that the instrument was executed as executrix, and

that in the absence of an attestation clause proper execution requires that the witnesses should be advised that they are signing a will. These claims are untenable. The formalities to be observed in the execution of wills are prescribed by the following statute (3 Comp. Laws 1929, § 13482 [Stat. Ann. § 26.1065]):

"Sec. 5. No will made within this State, except such nuncupative wills as are mentioned in the following section, shall be effectual to pass any estate, whether real or personal nor to charge or in any way affect the same, unless it be in writing and signed by the testator or by some person in his presence, and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses; and if the witnesses are competent at the time of attesting the execution of the will, their subsequent incompetency, from whatever cause it may arise, shall not prevent the probate and allowance of the will, if it be otherwise satisfactorily proved."

*In re Lautenshlager's Estate,* 80 Mich. 285, 292, the court said:

"The form of any instrument is of little consequence in determining whether it is a will or not. If it be executed with the formalities required by the statute, and if it is to operate only after the death of the maker, it is a will."

See, also, *Ferris* v. *Neville,* 127 Mich. 444 (54 L. R. A. 464, 89 Am. St. Rep. 480).

The instrument is distinctly testamentary in character and refers solely to Mrs. Fowle's own property and not to that belonging to her husband's estate. That she was disposing of her own property is shown by the fact that she made gifts of her own savings account in the bank and the 40 acres of land which she recited as formerly belonging to herself

and husband but which became hers on his death. Our conclusion is confirmed by the provision made for her burial and expenses attendant thereto. We have little doubt that the instrument imports a posthumous distribution of her property and was intended to be her will. See *In re Kennedy's Estate*, 159 Mich. 548 (28 L. R. A. [N. S.] 417, 134 Am. St. Rep. 743, 18 Ann. Cas. 892).

The words "executrix of the will of Otto Fowle" at the beginning of the instrument, and the word "exec." appearing after Mrs. Fowle's signature may be regarded as surplusage. The signature satisfied the requirement of the statute. See *In re Canterbury's Estate*, 198 Mich. 743, and extensive annotation on manner of signing in 31 A. L. R. 682.

One of the witnesses to the instrument testified that he had the impression that he was asked to witness the will of Mrs. Fowle, and that there must have been some conversation to that effect. However, we may assume, without deciding, that the witnesses did not know the character of the instrument and that Mrs. Fowle gave them no information as to the nature of its contents. Appellant cites *In re Kohn's Estate*, 172 Mich. 342, in which the rule is laid down that publication of a will is not required, and in which it is further said that attesting witnesses who sign at the request of the testator should be advised that the instrument is a will. This latter statement was not necessary for the decision. In *Re Nosek's Estate*, 229 Mich. 559, it was held that the trial judge was in error in submitting to the jury the question as to whether the witness was told by the testatrix that the instrument was her will. Any doubt as to the necessity of informing a witness that the document which he signs in that capacity is a will in order to render it valid has been completely dispelled by *In re Mette's Estate*, 260 Mich. 225. We

held that it was error for the trial court to instruct the jury that the testator must state to the witnesses that they are witnessing a will in order to render it valid, since publication is not required in this State. Our statute merely requires that the will be "attested and subscribed in the presence of the testator by two or more competent witnesses." See, also, *Danley* v. *Jefferson,* 150 Mich. 590 (121 Am. St. Rep. 640, 13 Ann. Cas. 242); *In re Kennedy's Estate, supra.* See, also, 16 Michigan State Bar Journal, pp. 527, 530. A leading case discussing many English and American authorities is *In re Porter,* 20 D. C. (9 Mackey) 493. Attestation is the act of witnessing an instrument in writing at the request of the party making the same and subscribing to it as a witness. 1 Bouvier's Law Dictionary (Rawle's 3d Rev.).

The law does not require a formal attestation clause. See notes to *Mead* v. *Trustees of the Presbyterian Church,* 229 Ill. 526 (82 N. E. 371, 14 L. R. A. [N. S.] 255, 11 Ann. Cas. 426). There is no question but that testatrix signed the instrument, requested the witnesses to sign as witnesses, and they did so. The will was properly executed and the circuit court was right in upholding it.

The judgment is affirmed. Costs to appellee.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.