*In re* BILIVSKOY ESTATE

NICCORE v STATE OF MICHIGAN

Docket No. 72790. Submitted June 8, 1984, at Detroit.—Decided April 17, 1985.

Olga Niccore filed for probate in the Wayne Probate Court an instrument purporting to be the last will and testament of Nicholas Bilivskoy, deceased. The Attorney General, on behalf of the State of Michigan, a potentially interested party, filed an appearance and objections to the admission of the will for probate. Depositions filed in the case indicated that one of the persons witnessing the execution of the will signed the will using the name of another person because she thought that using her own name would invalidate the will. The court, Frank S. Szymanski, J., without holding an evidentiary hearing, denied probate of the will. Seven months later, Niccore moved for a rehearing, alleging she was entitled to an evidentiary hearing on the witness's intent at the time she used another's name. Rehearing was denied. Niccore appealed. *Held:*

1. There was no reason for a hearing. There was an agreement of the parties to proceed without a hearing and appellant does not contest the stated purpose for the witness's using the name of another person.

2. The signing did not meet the requirement of the statute that a will be signed by witnesses.

Affirmed.

WILLS — WITNESSES — SIGNING OF WILLS — NAMES.

The deliberate signing of another person's name by a witness to a will because the witness believes that use of his own name would invalidate the will fails to meet the statutory requirement that a will be signed by witnesses (MCL 700.122[1]; MSA 27.5122[1]).

REFERENCES

Am Jur 2d, Wills §§ 313 *et seq.*

When is will signed at "end" or "foot" as required by statute. 44 ALR3d 701.

Place of signature of attesting witness. 17 ALR3d 705.

See also the annotations in the ALR3d/4th Quick Index under Wills.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *A. Michael Leffler,* State Public Administrator, and *James P. Delaney,* Assistant Attorney General, for the State of Michigan.

*Chester Kasiborski,* for Olga Niccore.

Before: R. M. MAHER, P.J., and HOOD and R. B. MARTIN,* JJ.

PER CURIAM. Appellant, the proponent of the will of Nicholas Bilivskoy, appeals from an order denying probate of the will and an order denying rehearing of that order.

Factually, this case presents a rather unique issue for this Court. Nicholas Bilivskoy executed a will in April, 1981. The will was witnessed by two sisters, June Tasevich and Marian Sebastian, who signed the will in Bilivskoy's presence after witnessing his signature to the will. However, although Marian Sebastian witnessed the will, she did not sign the will as a witness with her own name. Instead, according to her deposition and that of her friend, Betty Charles, Sebastian signed the will using the name, "Betty Charles". Both women stated in their depositions that Sebastian did this because she believed that two members of the same family could not witness a legal document. Both women also stated that Betty Charles was not present when Bilivskoy executed the will but that Sebastian used Charles's name with her permission.

When appellant sought to have the will admitted to probate, the State of Michigan moved to intervene and filed objections to admission of the will. Copies of the deposition transcripts were

---

* Circuit judge, sitting on the Court of Appeals by assignment.

attached to the motion. Both sides submitted briefs and, instead of holding an evidentiary hearing, the court and attorneys retired to the court's chambers to discuss the case. Subsequently, the court issued an order denying probate of the will. Seven months later, appellant moved for rehearing, arguing that she was entitled to an evidentiary hearing on the issue of Sebastian's intent at the time she signed Charles's name to the will. Significantly, appellant admitted that the issue of the validity of the will in light of the use of the wrong signature was "mainly a legal question". In addition, she did not contend that Sebastian's intent had been any different from that expressed by Sebastian and Charles in their respective depositions. The motion for rehearing was denied.

On appeal, appellant again argues that she was denied her right to an evidentiary hearing by the probate court's decision based on the briefs, depositions, and oral arguments made during the conference in chambers. We cannot agree. The statements of the other attorneys who were present during the conference indicated that there had been an agreement to proceed on the basis of the briefs because the issue was a legal one. In addition, appellant did not express a desire for an evidentiary hearing until seven months after the probate court had issued its order. Finally, to this day appellant has not contested the validity of Sebastian's statement that she signed Charles's name because she believed that members of the same family could not witness a legal document.

Appellant next argues that, although Sebastian deliberately signed another person's name to the will, the will nevertheless satisfies the requirements of MCL 700.122(1); MSA 27.5122(1). That statute provides in pertinent part:

"(1) A will shall be in writing signed by the testator or in the testator's name by some other person in the testator's presence and by his direction and shall be signed by at least 2 persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will. If the witnesses are competent at the time of signing the will, their subsequent incompetency, from whatever cause, shall not prevent admission of the will to probate, if it is otherwise satisfactorily proved. If, after deligent search and effort and after the signature of the testator is identified, it appears that the whereabouts of the witnesses to a will cannot be ascertained and it appears on the face of the will that the requirements in this section for a valid will have been met, a presumption shall arise that the will was executed in all particulars as required by law."

Again, we do not agree with appellant. In our opinion, the deliberate use of another person's name as a witness to a will because the actual witness believes that use of her own name would invalidate the will violates the requirements of the statute. The law requires that a will be witnessed to assure that the will propounded is actually the will which was executed, to assure a means of verifying the testamentary capacity of the testator, to assure that there is no uncertainty as to the execution of the will, and to assure sufficient formality which impresses on the testator the importance of the disposition of the property which he makes by means of the will. 94 CJS, Wills, § 183, p 994. See also *Lord v Lord,* 58 NH 7, 10 (1876). Although, in this case, the true identity of the witness who signed as "Betty Charles" has been discovered, this will not always be the case. Where the "misnomer" is not discovered, many of the purposes behind the requirement of two witnesses to the signing of the will will be defeated. Contrary to appellant's contention, this was not a situation in which Sebastian signed in the wrong

capacity, *In re Fowle's Estate,* 292 Mich 500; 290 NW 883 (1940), or in which she was unable to write her signature and, therefore, signed the will by making her "mark", *In re Canterbury's Estate,* 198 Mich 743; 165 NW 747 (1917). Instead, Sebastian deliberately used another person's name because she believed her own would invalidate the will. She, therefore, did not intend to witness the will when she used Betty Charles's name. See *Lord v Lord, supra.* Under these circumstances, we find that the probate court properly denied probate of the will.

Affirmed.