## *In re* REYCRAFT'S ESTATE.

1. WILLS—ATTESTING WITNESSES MAY SIGN AT DIFFERENT TIMES.
    Under 3 Comp. Laws 1929, § 13482, requiring two attesting witnesses to will, they must sign in presence of testator, but may do so at different times.

2. SAME—LAPSE OF 32 MONTHS BETWEEN ATTESTING SIGNATURES NOT FATAL.
    Where testator complied with statutory requirements, will is not defeated by lapse of 32 months between attesting signatures; it not having been in any respect changed after first witness attested it (3 Comp. Laws 1929, § 13482).

3. SAME—LAST WILL REVOKES FORMER.
    Where two inconsistent wills purport to dispose of entire estate, last will, if properly executed, of necessity revokes previous will, although containing no revocation clause (3 Comp. Laws 1929, § 13486).

4. SAME—RESIDUE OF ESTATE.
    That testator disposed of residue of his estate in first, instead of last, clause of will, is of no moment.

Appeal from Emmet; Sprague (Victor D.), J. Submitted June 10, 1932. (Docket No. 74, Calendar No. 36,491.) Decided September 16, 1932.

Charles J. Gray and Ella Beattie each presented a will of John J. Reycraft, deceased, for probate, and each filed objections to probate of will presented by the other. D. Herbert Reycraft also filed objections to will presented by proponent Beattie. From orders allowing will presented by proponent Gray and disallowing will presented by proponent Beattie, the latter appeals. Affirmed.

On implied revocation of will by later will, see annotation in 51 A. L. R. 652.

*James F. Shepherd* (*Sherman T. Handy* and *L. J. Reycraft,* of counsel), for appellant.

*B. H. Halstead* and *Leon W. Miller,* for appellees.

WIEST, J. Dr. John J. Reycraft, late of Petoskey, executed a will in due form in December, 1925, in which, after making several specific bequests, he gave Ella Beattie the residue of his estate. In April, 1928, he prepared, in his own writing, another will, signed it, and at that time had one attesting witness also sign, and, 32 months later, had another attesting witness sign. The later will did not contain words expressly revoking the former.

Dr. Reycraft died January 29, 1931. Both wills were found in his office safe in an envelope marked in pencil "Will." The second will was presented for probate by the executor nominated therein, and allowed, and this is an appeal by Ella Beattie, residuary legatee in the first will, from such probate and the disallowance of the first will.

Was the last will properly attested by subscribing witnesses? The statute, 3 Comp. Laws 1929, § 13482, requires two attesting witnesses, and they must sign in the presence of the testator but may do so at different times. *In re Thomas' Estate,* 243 Mich. 566.

Appellant contends, however, that the lapse of 32 months between attesting signatures should not be countenanced. No authority to such effect is cited. An interval of four months between attesting signatures has been sanctioned. *Woodcock* v. *McDonald,* 30 Ala. 411. On this subject see 1 Page, Wills (2d Ed.), § 342. The act of the testator in complying with the statutory validating requirement controls, and, in the absence of statutory regulation, is not defeated by lapse of time between attesting

signatures. The instrument, not having been in any respect changed after the first witness attested it, was legal upon the attestation by the second witness.

In view of this holding, it is contended by appellant that the second will contains no revocation of the first will, and does not make complete disposition of the estate by residuary clause, and, therefore, the first will should be allowed and the estate administered in accord with the first will, except as modified by the second.

We think the following clause in the second will disposed of the residue of the estate. It reads:

"If I die I want my property to be divided giving D. H. Reycraft the remaining portion after Miss Jessie Fairchild, Mrs. L. M. Bellant and Miss Schneider are allowed each one-twelfth of the Perry Hotel income."

We agree with the following statement of the circuit judge:

"Dr. Reycraft was not a literary stylist. His composition, the last will, lacks punctuative and paragraphical structure. But it is couched in simple language and plainly expresses the intention of the testator, to give the residue of his estate to D. H. Reycraft after the several devises and bequests and charges against the estate have been cared for. And in these provisions of the last will the whole of the estate of the testator has been disposed of."

Two inconsistent wills, each purporting to dispose of an entire estate, cannot both be admitted to probate. In such case the last will, if properly executed, of necessity revokes the previous will. The statute provides for revocation by subsequent will. 3 Comp. Laws 1929, § 13486.

The fact that testator disposed of the residue of his estate in the first, instead of the last, clause of the will is of no moment.

The judgment is affirmed, with costs against appellant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.