*In re* WAWRZYNIAK'S ESTATE.

WAWRZYNIAK *v.* WAWRZYNIAK.

1. WILLS—DEEDS—FORM—EXECUTION.
    An instrument, in form a deed, to take effect after the death of the testator, is entitled to probate as a will, if executed with the formalities of a will, as prescribed by statute.

2. SAME—MENTAL CAPACITY—PRESUMPTIONS—BURDEN OF PROOF.
    The presumption is that a testator has mental capacity and the burden of proof is upon a party assailing such capacity (3 Comp. Laws 1929, § 14212).

3. SAME—REVOCATION BY SUBSEQUENT WILL.
    A subsequent will revokes a prior, inconsistent will by implication.

4. SAME—REVOCATION BY SUBSEQUENT INSTRUMENT.
    In will contest wherein prior will, under which contestants claimed an interest in decedent's estate, was revoked by a subsequent instrument, in form a deed, which vested in grantees upon death of grantor the fee simple title to real estate therein conveyed upon their performance of condition that they house, clothe, feed and bury grantor, where the subsequent instrument disposed of decedent's entire estate with a few exceptions inconsequential in amount or value, it was not error to exclude from the evidence the first will (3 Comp. Laws 1929, § 13486).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 15, 1941. (Docket No. 63, Calendar No. 41,560.) Decided May 21, 1941.

In the matter of the estate of Anna Wawrzyniak, deceased. Aloysius and Clara Wawrzyniak filed an instrument in the form of a warranty deed in probate court, and petitioned for its allowance as deceased's will. John and Edward Wawrzyniak filed notice of contest. Case certified to circuit court.

Judgment for proponents.   Contestants appeal.
Affirmed.

*Corliss, Leete & Moody,* for proponents.

*Tilden M. Gallagher,* for contestants.

McALLISTER, J.  On January 21, 1936, Anna
Wawrzyniak executed an instrument in the form of
a warranty deed conveying her home in the city of
Detroit to Aloysius, her son, and Clara, his wife.
The instrument contained the following clause:

"This deed is made with the understanding that
the same is not to take effect or be enforced until
the death of the grantor and upon the death of the
grantor is to take effect and at that time to vest in
the said grantee the absolute title in fee simple of
the property above described, conditioned however
that the grantee shall properly house, clothe and
feed grantor and upon her death to furnish her with
a suitable and Christian burial.  In the event of a
violation of any of these conditions, this instrument
shall become null and void.  The grantee shall
forfeit all right or title to said property and all
interest therein shall revert without notice to the
grantor her heirs and assigns."

It further recited that it was signed by Anna
Wawrzyniak in the presence of Cass Piotrowski and
Michael Wawrzyniak, and was signed by these
parties as witnesses.  On July 7, 1939, Mrs.
Wawrzyniak died.  Thereafter, an instrument dated
January 19, 1934, was filed in the probate court for
Wayne county and petition was made for its allow-
ance as her last will and testament. The instrument
was ordered to be admitted to probate, but the order
was subsequently set aside on the filing of the afore-
mentioned deed in probate court and the petition
for its allowance as a will. John and Edward

Wawrzyniak then filed notice of contest and the instrument and proceedings thereon were duly certified to the Wayne county circuit court.

On the hearing, it was held by the circuit court that the instrument, in form a deed, was a will; that the conditions of clothing, feeding, and housing grantor therein mentioned were fully carried out; and the court adjudged that the instrument should be admitted to probate. Contestants appealed, claiming that the instrument was not a testamentary disposition of decedent's property; that there was no proof of revocation of the earlier will; and that the court erred in refusing to permit the prior will to be received in evidence.

An instrument, in form a deed, to take effect after the death of the testator, is entitled to probate as a will, if executed with the formalities of a will, as prescribed by statute. *Lautenshlager* v. *Lautenshlager,* 80 Mich. 285; *Lincoln* v. *Felt,* 132 Mich. 49; *In re Fowle's Estate,* 292 Mich. 500; *In re Broffee's Estate,* 206 Mich. 107.

Contestants claim that the burden of proof was upon proponents to prove "soundness of mind and capacity" on the part of the testator at the time she executed the deed. But the presumption is that the testator has mental capacity, and the burden of proof is upon a party assailing such capacity. *In re Curtis' Estate,* 197 Mich. 473; *In re Paul's Estate,* 289 Mich. 452; 3 Comp. Laws 1929, § 14212 (Stat. Ann. § 27.907).

A subsequent will revokes a prior inconsistent will by implication. *In re Reycraft's Estate,* 260 Mich. 40. Section 13486 of 3 Comp. Laws 1929 * (Stat. Ann. § 26.1069), provides for revocation of a

---

* Repealed, but reenacted as Act No. 288, chap. 2, § 9, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289-2[9], Stat. Ann. 1940 Cum. Supp. § 27.3178[79]).—Reporter.

will "by some other writing, signed, attested and subscribed in the manner provided in this chapter for the execution of a will." The contest in this case is not based upon some items, inconsequential in amount or value, mentioned in the prior alleged will, and not included in the will admitted to probate. The entire estate of decedent, with such exceptions, was disposed of in the last will. It was not error to exclude from the evidence the first will.

Judgment affirmed, with costs to proponents.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.