### BURMEISTER *v.* RUSSELL.

1. DEEDS—MENTAL CAPACITY—EXECUTION OF INSTRUMENTS—FINDING OF COURT—EVIDENCE.

Trial court's finding that grantor in deed to third party who reconveyed to the grantor and his second wife, defendant herein, was mentally competent at time of the execution of the deeds *held*, fully justified in suit by grantor's subsequently appointed guardian to set aside the deeds, on the basis of evidence presented indicating that at time deeds were executed he was sober and competent, although there was evidence he was not mentally competent due to intoxication during periods before and after the event.

2. SAME—MENTAL COMPETENCY—INTOXICATING LIQUORS.

Mental incompetency to execute a deed, claimed to be due to addiction to alcohol, must be shown to have resulted from actual intoxication clouding his understanding or dethroning his reason at the time of executing the deed.

Appeal from Jackson; Simpson (John), J. Submitted October 4, 1960. (Docket No. 8, Calendar No. 48,825.) Decided January 9, 1961.

Bill by Elizabeth Burmeister, guardian of the estate of Carl Fleischmann, mentally incompetent,

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds § 446.
[2] 16 Am Jur, Deeds § 85.

against Mabel L. Russell and Helene H. Fleischmann to set aside deeds creating tenancy by the entireties. Bill dismissed. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Dudley & Rogers,* for defendant Fleischmann.

Souris, J. Plaintiff Elizabeth Burmeister is the guardian of Carl Fleischmann, a mental incompetent. Defendant Helene Fleischmann is Carl Fleischmann's divorced wife, and defendant Mabel Russell was the grantee of land conveyed to her by the mental incompetent and thereafter conveyed by her to him and to defendant Helene Fleischmann as tenants by the entireties. Plaintiff filed a bill in equity to set aside the foregoing deeds, claiming that her ward was mentally incompetent at the time of their execution. The chancellor heard testimony from plaintiff, from the mental incompetent's neighbors, a police officer, his fellow employees, his doctors, and others. He concluded that on the date of execution of the deeds, Carl Fleischmann had the mental capacity to make a deed and that his peculiar conduct prior and subsequent to the time of execution of the deeds was due to his excessive drinking. He dismissed the bill of complaint.

The only question presented for our determination, this being a chancery appeal which we hear *de novo* on the record, is whether plaintiff sustained the burden of proof in support of her charge that Carl Fleischmann was mentally incompetent to execute a deed. There is no claim of fraud or undue influence.

Carl Fleischmann's first wife died in 1947. There was testimony indicating that following her death he underwent a substantial change in personality. Whereas prior to her death he was neat and clean in appearance, steady in his habits, hard working and

respectable, following his first wife's death he drank excessively and acted somewhat peculiarly from time to time. For example, he attempted to engage a neighbor woman in conversation about sexual matters, he built an extension out over his front porch and then later tore it down, he played his phonograph so loudly on his front porch that the police were called, and he was said to talk loudly and obscenely to residents of the neighborhood. One neighbor testified that he asked her for some peonies from her garden to put upon his deceased wife's grave, but when she gave him permission to pick the peonies, he picked all she had in her garden and instead of placing them upon his deceased wife's grave he decorated his front porch with them. The neighbor thought he was mentally incompetent.

It may be said from the testimony that Mr. Fleischmann's peculiar conduct occurred only during periods when he was drinking intoxicating beverages. There was evidence offered by his fellow employees and others that until just prior to the time he was declared mentally incompetent, he was a good worker and never drank while working. He was capable of driving, and did drive, an automobile during the period in dispute. In the words of one witness, when he wasn't drinking, "he was very like a gentleman. * * * When he was sober he was good-hearted and he was a nice fellow to get along with."

The deeds were executed on April 19, 1952. Mr. Fleischmann was adjudicated mentally incompetent by the Jackson county probate court on June 27, 1952. The plaintiff's evidence related to his conduct and appearance from the time of his first wife's death to his adjudication of incompetence, and afterwards, but none of plaintiff's evidence specifically related to facts occurring in the month of April of 1952. Plaintiff, relying upon *Beattie* v. *Bower,* 290 Mich 517, contends that lack of capacity to execute a deed at a

particular time may be proved by the grantor's condition before and after that time and that such condition may be presumed to exist at the time the deed was made. At best, this might be true in the absence of credible evidence of the grantor's physical and mental condition at the time of execution of the deed, but in the case at bar there was such evidence.

Defendants offered the testimony of a neighbor who was a frequent visitor to the Fleischmann home, both during the lifetime of Mr. Fleischmann's first wife and subsequently during his marriage to defendant Helene Fleischmann. She testified that she visited the home during the months of March and April of 1952; that she purchased eggs from him at that time and never had any difficulty with him; that when he was sober there was nothing wrong with his mental processes.

Defendants offered the testimony of the attorney who prepared the deeds for Mr. Fleischmann in April of 1952. At that time he was prosecuting attorney for the county of Jackson. The attorney not only prepared the deeds but also signed them as a witness and a notary public. His secretary was Mabel Russell, one of the defendants herein to whom Mr. Fleischmann first conveyed title and who, in turn, reconveyed to him and to his wife, the other defendant. From his testimony, a fair inference is that Mr. Fleischmann did not appear to him to be either intoxicated or mentally incompetent at the time the deeds were executed.

A physician, a general practitioner, who attended Mr. Fleischmann over a number of years, and was one of the physicians who examined Mr. Fleischmann in June of 1952 by appointment of the probate court in connection with the commitment proceedings, testified that it was his opinion that Mr. Fleischman was mentally incompetent in April of 1952. On cross-examination he testified that the nature of Mr.

Fleischmann's insanity was "simple mental deterioration." The other physician who examined and reported to the probate court in connection with the commitment proceedings, also testified in this trial and characterized Mr. Fleischmann's condition as alcoholic and schizophrenic. On cross-examination he testified that at the time of his examination of Mr. Fleischmann for the probate court, Mr. Fleischmann was having muscle spasms similar to delirium tremens and was crying and talking incoherently following an alcoholic debauch. He testified further that prior to the time of his examination of Mr. Fleischmann in June of 1952, Mr. Fleischmann could have had lucid intervals when he was sober and could have transacted business during those periods.

In short, we have presented to us by the evidence in this case, a man whose conduct prior to and after execution of the deeds here in dispute was peculiar, to say the least, but the sum and substance of the testimony indicate only that his trouble was caused by intoxication. When he was sober, he was lucid and capable of transacting business. When he executed the deeds, he was sober and, in the absence of contrary evidence, capable of transacting the business at hand. For a case presenting a strikingly similar factual record, see *Boerema* v. *Johnson,* 357 Mich 433. We think that the trial chancellor was fully justified on the basis of the evidence presented to him in ruling as he did.

Affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.