*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GAIL ZETTEL, Personal Representative of the
ESTATE OF DORA I. KELLEY,

      Plaintiff-Appellant,

v

DARLENE DUPUIS, KYLE DUPUIS, and KEVIN
DUPUIS,

      Defendants-Appellees.

UNPUBLISHED
September 05, 2025
9:05 AM

No. 366236
Ogemaw Circuit Court
LC No. 2019-651220-CZ

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Following a three-day bench trial, the trial court determined that decedent Dora Kelley's quitclaim deed granting property to defendants was valid. Plaintiff-appellant appeals that decision, arguing that the trial court improperly placed the burden of proof on her to establish incapacity and that the trial court clearly erred by finding that decedent had sufficient mental capacity to execute the deed shortly before her death. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Decedent had four children: plaintiff, Gail Zettel; defendant, Darlene Dupuis; Kathy Riling; and Dennis Kelley. After Dennis's death in 2005, decedent drafted a deed leaving her home and approximately 80-acre property to her remaining children with instructions to not record the deed until after her death. The whereabouts of this initial deed are unknown. In 2009, Darlene moved into decedent's home because of issues with her mental and physical health. By that time, Darlene had two sons, defendants Kyle Dupuis and Kevin Dupuis, who visited and communicated with decedent regularly. Darlene initially provided decedent with minimal help, but Darlene progressed to becoming decedent's full-time caretaker when decedent's mobility declined. Plaintiff did not help care for decedent, and plaintiff's visits to decedent's home were limited largely to family holiday gatherings in 2017 and 2018.

In November 2017, decedent's primary care provider diagnosed her with "unspecified dementia without behavioral disturbance," and decedent's medical staff reported a decline in her

Functional Assessment Staging of Alzheimer's Disease, or FAST, score over time. In the months before her death, decedent had decreased oxygen saturation levels, she took prescription opiates, she began receiving hospice care, and she had difficulty communicating with her medical providers. In April 2018, at defendants' request, an attorney drafted a new deed that granted decedent's home and property in Prescott, Michigan, to defendants, decedent's daughter and grandsons. On April 19, 2018, decedent executed the quitclaim deed in her home in the presence of a notary from her insurance agency. After decedent's death in July 2018, plaintiff learned about the April 19, 2018 deed and filed a complaint, alleging that decedent lacked sufficient mental capacity to execute the deed and that defendants unduly influenced decedent to transfer her property to them.

Following a bench trial, the trial court found that plaintiff failed to establish insufficient mental capacity to execute the deed. Rather, it found that decedent was capable of rational thought, able to express her wishes when executing the deed, and had sufficient understanding and capacity to communicate informed decisions regarding her property. Plaintiff now appeals, arguing that the trial court erred by placing the burden of proof on her to establish incapacity and by finding that decedent did not lack sufficient capacity to execute the April 2018 deed.

## II. STANDARDS OF REVIEW

Unpreserved issues in civil cases are waived and need not be reviewed on appeal. *Tolas Oil & Gas Expl Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). In the trial court proceedings, plaintiff did not argue that the trial court should place the burden of proof on defendants, and she failed to challenge defendants' repeated assertions that plaintiff bore the burden of proving decedent's incapacity. Accordingly, plaintiff has waived her burden of proof argument.

We review a trial court's factual findings following a bench trial for clear error. *Ladd v Motor City Plastics Co*, 303 Mich App 83, 92; 842 NW2d 388 (2013). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." *Reed-Pratt v Detroit City Clerk*, 339 Mich App 510, 516-517; 984 NW2d 794 (2021) (quotation marks and citation omitted). A trial court's conclusions of law are reviewed de novo. *Ladd*, 303 Mich App at 92. "An appellate court will give deference to the trial court's superior ability to judge the credibility of the witnesses who appeared before it" during a bench trial. *Avery v State*, 345 Mich App 705, 716; 9 NW3d 115 (2023) (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court erred by finding that decedent had sufficient mental capacity to execute the April 19, 2018 deed. We disagree.

To start, and as previously noted, plaintiff waived the burden-of-proof aspect of this issue by failing to raise it in the trial court. However, this Court may address an unpreserved issue "if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil*, 347 Mich App at 290 (quotation marks and citations omitted). On this record, all necessary facts have been presented to address this issue of law.

The trial court did not err in placing the burden on plaintiff to establish insufficient mental capacity. When evaluating whether an individual executing a deed is of sound mind and has sufficient mental capacity, "the presumption is that the testator has mental capacity, and the burden of proof is upon a party assailing such capacity." *In re Wawrzyniak's Estate*, 297 Mich 520, 522; 298 NW 118 (1941). Plaintiff fails to acknowledge that "[a] plaintiff has the burden of proof . . . for all elements necessary to establish the case," and that "[t]his burden never shifts during trial." *Kar v Hogan*, 251 Mich 529, 539; 251 NW2d 77 (1976). See also *Klein v Kent*, 356 Mich 122, 127; 95 NW2d 864 (1959) ("The burden of proof is on the plaintiffs in this case to show at the time of the signing of the contract [the decedent] was not in her right mind by a preponderance of the evidence.") (quotation marks omitted). The trial court did not err by applying the burden of proof here to plaintiff, as the party challenging decedent's capacity.

Further, the trial court did not err in finding that decedent had sufficient mental capacity to execute the deed. A person executing a deed of conveyance must have "sufficient mental capacity to understand the business in which he engaged, to know and understand the extent and value of his property, and how he wanted to dispose of it, and to keep these facts in his mind long enough to plan and effect the conveyances in question without prompting and interference from others." *Persinger v Holst*, 248 Mich App 499, 503-504; 639 NW2d 594 (2001) (quotation marks and citation omitted). "Whether a person was mentally competent is determined by a preponderance of the evidence." *Menhennick Family Trust by Menhennick v Menhennick*, 326 Mich App 504, 509; 927 NW2d 741 (2018). "Lack of capacity to execute a deed at a particular time may be proved by the grantor's condition before and after that time, and that prior or subsequent condition may be presumed to exist at the time the deed was made." *Beattie v Bower*, 290 Mich 517, 525; 287 NW 900 (1939). However, this presumption does not apply where there is evidence of a grantor's physical and mental condition at the time of the execution of the deed. *Burmeister v Russell*, 362 Mich 287, 290; 106 NW2d 752 (1961). "Mere weak mindedness whether natural or produced by old age, sickness, or other infirmity, unaccompanied by any other inequitable incidents, if the person has sufficient intelligence to understand the nature of the transaction, and is left to act upon his own free will, is not a sufficient ground to defeat a conveyance." *Kouri v Fassone*, 370 Mich 223, 233; 121 NW2d 432 (1963).

We acknowledge that decedent's advanced age, declining physical health, and diagnosis of dementia are all cause for concern as to her capacity. However, we refrain from creating a bright-line rule that any individual with a particular diagnosis or who reaches a particular advanced age, or both taken together, automatically overcomes the presumption of capacity. And here, the trial court's finding that plaintiff did not overcome the presumption that decedent had sufficient mental capacity to execute the April 19, 2018 deed was supported by the evidence.

Specifically, along with decedent's diagnosis of dementia,[1] there was a substantial amount of testimony from individuals in decedent's everyday life that reflected her capacity and ability to

---

[1] While decedent was diagnosed with dementia, decedent's medical professionals acknowledged that decedent's FAST scores corresponded with her physical abilities, such as incontinence or ability to sit upright unsupported, and did not necessarily indicate memory loss or confusion.

communicate at the time she executed the deed. The record largely reflects that decedent could communicate and carry normal conversations with individuals who visited her on a daily or weekly basis, such as decedent's hospice aide, decedent's hospice chaplain, decedent's grandchildren, and decedent's neighbor. These witnesses emphasized that it was possible to communicate with decedent, but it required patience. More than just conversation, the record also reflects that decedent was able to communicate her frustration with plaintiff's insufficient visits and plaintiff's lack of involvement in decedent's care, especially when decedent was in a nursing facility. Decedent also communicated her gratitude for the care she received from Darlene to several witnesses in the months before she drafted the deed.

Defendants presented evidence that decedent spoke with her hospice aide, her neighbor, and one of her granddaughters about leaving her property to defendants, and defendants testified that decedent spoke with them in March 2018 about her desire to leave them her property to live in and hunt on. The record reflects that decedent had a close relationship with defendants and that decedent spent a significant amount of time hunting with defendants on her property throughout her life. Conversely, several witnesses testified concerning plaintiff's infrequent visits with decedent and plaintiff's distant relationship with decedent. There was evidence that decedent instructed defendants to draft the deed, and a notary determined that decedent understood what she was doing before decedent executed the deed, albeit by way of a non-verbal response. The testimony from decedent's family, medical providers, neighbor, and hospice staff reflects that decedent always knew who she was, where she was, and with whom she was speaking until her death.

In sum, plaintiff did not present sufficient evidence for the trial court to find by a preponderance of the evidence that decedent lacked sufficient capacity to execute the April 19, 2018 deed. Accordingly, the trial court did not err by finding that decedent had sufficient mental capacity to execute the deed and declining to invalidate the deed.

Affirmed.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young

---

Further, there was no evidence of decedent's medical providers conducting any tests to diagnose her with dementia or Alzheimer's.